United States District Court
Southern District of Texas
**ENTERED**
April 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC PLUMMER, ET AL., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-2338 |
| | § | |
| DAVISON DESIGN & DEVELOPMENT, INC., | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

The Court issued an Order to Show Cause on April 22, 2024 ordering Plaintiffs and their counsel, Abhijit Modak, to appear in Court in person on April 30, 2024 to Show Cause why this case should not be dismissed for failure to prosecute.[1] ECF 17. As stated on the record in open court on April 30, 2024, neither Plaintiffs nor counsel appeared at the Show Cause hearing. Neither Plaintiffs nor counsel contacted the Court to seek a continuance or provide an excuse for the failure to appear.

The failure to appear on April 30, 2024 is part of a pattern in this case since Eric Plummer and Bearpaa Electric, LLC, proceeding pro se, filed a Complaint on June 6, 2023 seeking to vacate an arbitration award rendered in favor of Defendant Davison Design & Development, Inc (Davison). ECF 1. After two continuances

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. ECF 3.

due to lack of service, the Court conducted an Initial Pretrial and Scheduling Conference on December 11, 2023 at which only individual Plaintiff Eric Plummer appeared.  The Court issued an Order on December 11, 2023 ordering Plaintiffs to submit by December 29, 2023 (1) proof of service and (2) a notice of appearance of counsel for Plaintiff Bearpaa Electric LLC.  ECF 11.  The Order notified Plaintiffs that failure to do so would result in a recommendation that Plaintiffs' claims be dismissed for failure to prosecute.  ECF 8.

On December 19, 2023, Plaintiffs, pro se, filed a United States Postal Service receipt showing someone named C. Russo signed for delivery of an item on October 16, 2023.  ECF 12.  On December 29, 2023, Attorney Abhijit Modak filed a "Notice of Appearance as Counsel for Defendants [sic] Eric Plummer and Bearpass [sic] Electric, LLC."  ECF 13.  Counsel also filed on December 29, 2023 Proof of Service showing service by the Allegheny County Sheriff's Office on Davison, RIDC Park, 595 Alpha Drive, Pittsburgh PA 15238, signed for by Laura Ross on August 20, 2023.  ECF 14-1.  The Proof of Service also contains a Certificate of Service signed by Counsel stating that the Proof of Service was sent by U.S. First Class mail to Laura Ross as registered agent and Frank Vesio as President for Davison Design and Development at 595 Alpha Drive, Pittsburg, PA, 15238.  ECF 14.  Interestingly, a letter from the American Arbitration Association attached to the Complaint, which informed the parties of the selection of an arbitrator, is directed to George Crompton,

Esq. on behalf of Davison at RIDC Park, **585 Alpha Drive**, Pittsburgh PA 15238. ECF 1 at 17. Despite Plaintiffs' filings, the docket sheet does not reflect that the clerk issued and delivered to Plaintiffs a summons to be served with the Complaint. The filings regarding proof of service leave questions as to whether Defendant has been properly served. Therefore, the Court noticed a status conference for February 12, 2024. ECF 15. Neither Plaintiffs nor counsel appeared at the February 12, 2024 conference.

Eric Plummer submitted a letter to the Court on March 25, 2024 stating that he asked counsel to file a motion for default judgment in December but nothing has been done and he wants to get a new attorney. ECF 16. No new attorney has made an appearance in this case and current counsel has not moved for permission to withdraw from representation of Plaintiffs in this case. Therefore, the Court issued a Show Cause Order for Plaintiffs and Counsel Abhijit Modak "[to] appear before the Court in person at 11:00 a.m. on April 30, 2024 to Show Cause why this case should not be dismissed for failure to prosecute and to discuss other procedural matters relating to the prosecution of this case." ECF 17. As stated above, neither Plaintiffs nor counsel appeared at the April 30, 2024 conference.

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss a case for failure to prosecute or failure to comply with court orders, with or without notice to the parties. *Smith v. Bogalusa City*, No. 23-30707, 2024 WL 1156536, at *2 (5th

Cir. Mar. 18, 2024); *Eustice v. Experian Info. Sols., Inc.*, No. CV H-20-1824, 2021 WL 4139154, at *2 (S.D. Tex. Aug. 21, 2021) (holding "[i]t is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion"), report and recommendation adopted, No. CV H-20-1824, 2021 WL 4138407 (S.D. Tex. Sept. 9, 2021).  However, a dismissal with prejudice under Rule 41(b) is appropriate only where there is (1) a clear record of delay or contumacious conduct by the plaintiff and (2) lesser sanctions would not serve the best interests of justice.  *Shaw v. United Mexican States*, No. 23-40422, 2024 WL 1113013, at *2 (5th Cir. Mar. 14, 2024).  The Court also considers "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct."  *Id.*; *see also Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (holding that dismissal with prejudice is a severe sanction but is appropriate when there is a clear record of delay, sanctions are likely to be futile, and there are aggravating factors such as intentional conduct by the plaintiff himself or prejudice to defendant).

There is a clear record of delay in this case.  Plaintiffs have been warned four times that this case was subject to dismissal for failure to prosecute.  ECF 8; ECF 10; ECF 11; ECF 17.  There is also a clear record of failing to comply with the Court's orders to appear for conferences.  ECF 15; ECF 17.  However, given

Plaintiff's March 25, 2024 letter to the Court blaming the delay on counsel, the Court finds that the aggravating factor of intentional conduct by the Plaintiff is not present. Further, the Court finds little or no prejudice to Defendant from a dismissal without prejudice under the circumstances.

For the reasons stated above, the Court RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 30, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge